# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Criminal Case No. 05-81129
    Civil Case No. No. 10-12670
    HONORABLE DENISE PAGE HOOD

AYED SHAFEEK,

    Defendant/Petitioner.

_____/

## OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

**I.    BACKGROUND/FACTS**

On July 17, 2006, Ayed Shafeek entered a plea of guilty to Count 2 of the Indictment, 18 U.S.C. § 1344, Bank Fraud, pursuant to a Rule 11 Plea Agreement with the Government. On December 8, 2006, the Court imposed a sentence of imprisonment of one day time served, with 36 months of supervised release, 330 days of which will be served on home confinement and $60,032.85 in restitution. The Judgment was filed on February 2, 2007 and entered on February 9, 2007. No appeal of the sentence was taken by Shafeek

On July 6, 2010, Shafeek filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. In response, the Government filed a Motion to Dismiss the Motion to Vacate Sentence as untimely under § 2255. A response was filed to the Motion to Dismiss. A hearing was held on the matter and the parties submitted supplemental briefs after the hearing.

**II.    ANALYSIS**

  A district court has jurisdiction to address a sentencing challenge after a Judgment has been

entered if a defendant files an appropriate motion under 28 U.S.C. § 2255. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). Motions brought under § 2255 must present a challenge to the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 89, 893-94 (6th Cir. 1991). Challenges must present the following: whether the sentence was imposed in violation of the Constitution or laws of the United States; whether the court was without jurisdiction to impose the sentence; whether the sentence was in excess of the maximum authorized by law; or an alternative collateral attack to the sentence. *Id*. "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Section 2255 sets forth a time limitation in which a motion must be filed:

> A motion to vacate a sentence under 28 U.S.C. § 2255 must be brought within one year from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Shafeek claims that his § 2255 motion is timely under subsection (3) because of the recent Supreme Court case, *Padilla v. Kentucky,* 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)(Mar. 31, 2010)(finding a defense attorney's representation is deficient where he failed to

2

advise the defendant of the immigration consequences of his guilty plea).

If it were not for the *Padilla* decision, Shafeek's § 2255 motion would be untimely under the one-year limitation period. The motion was filed on July 6, 2010. The sentence was imposed on December 8, 2006, the Judgment was filed on February 2, 2007 and entered on February 9, 2007. No appeal of the sentence was taken by Shafeek. A conviction becomes final for purposes of collateral attack after the conclusion of direct review. *United States v. Cottage,* 307 F.3d 494, 498 (6th Cir. 2002). The conviction is final and any § 2255 motion must have been filed within one-year of the date the Judgment became final. The July 6, 2010 motion is untimely.

The issue then is whether the *Padilla* decision was meant to be applied retroactively to cases under collateral review. 28 U.S.C. § 2255(3). Nothing in the Supreme Court's decision expressly notes that the decision is to be applied retroactively. Given that the opinion was issued recently, no federal circuit cases have addressed the issue. In this district a court has held that "it is unlikely that *Padilla* will be made retroactive to convictions under collateral attack." *Haddad v. U.S.,* 2010 WL 2884645 *6 (E.D. Mich. Jul. 20, 2010)(unpublished). Other courts have noted that it is "unclear" whether *Padilla* applies retroactively and that jurists have disagreed whether *Padilla* has retroactive effect. *See, United States v. Obonaga,* 2010 WL 2710413 *1, Case No. 10-CV-2951 (E.D. N.Y. Jun. 30, 2010)(unpublished)(The district court finding uncertainty on whether *Padilla* applies retroactively elected to assume *arguendo* that *Padilla* applies retroactively, without an extensive analysis on retroactivity.).

In light of the Sixth Circuit's Opinion in *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005) where the Sixth Circuit analyzed how to determine whether a new rule may be applied retroactively as required in *Teague v. Lane,* 489 U.S. 288 (1989), the Sixth Circuit may find that the

*Padilla* decision should not be applied retroactively. In *Teague*, the Supreme Court announced a three-step analysis to determine whether a new rule of criminal procedure applies to a case on collateral review. First, the reviewing court must determine whether a defendant's conviction became final. *Humphress*, 398 F.3d at 860. Next, the court must determine whether the rule in question is actually "new." *Id.* Third, if the rule is new, the court must then determine whether the new rule falls into either of two exceptions to nonretroactivity. *Id.* The first exception to nonretroactivity "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Id.* at 862 (citation omitted). The second exception to nonretroactivity is for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quotation omitted). "We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception." *Id.* (quoting *Beard v. Banks,* 542 U.S. 406, 124 S.Ct. 2504, 2513-14, 159 L.Ed.2d 494 (2004)).

Applying the analysis set forth in *Humphress* and *Teague,* as noted above, Shafeek's conviction is final.

As to whether the *Padilla* decision is a "new rule" of criminal procedure, the Supreme Court's own decision states, "[i]t seems unlikely that our decision today will have a significant effect

on those convictions already obtained as a result of plea bargains. For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea." *See, Padilla,* 130 S.Ct. at 1483-84. "We should, therefore, presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty." *Padilla,* 130 S.Ct. at 1485. The Supreme Court's opinion cited several guidelines and handbooks showing that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at 1482. The Supreme Court noted that "[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." *Id.* at 1483 (quotation omitted). "When the law is not succinct and straightforward ..., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, ..., the duty to give correct advice is equally clear." *Id.* (footnote omitted).

Given the Supreme Court's opinion in *Padilla*, it appears that the rule announced is not a "new rule" regarding a defense counsel's duty to, at the minium, advise a client of a risk of adverse immigration consequences. The *Padilla* decision turned on the fact that the defense counsel could have easily determined from reading the removal statute that defendant's deportation "was presumptively mandatory" and that his counsel's advice to the contrary was incorrect. *Id.* Because the *Padilla* opinion may not be considered a "new rule," Shafeek cannot show that the *Padilla* opinion should be applied retroactively.

Even if the *Padilla* decision is considered a "new rule," it is unlikely that Shafeek can meet one of the two exceptions set forth in *Teague*. The first exception to nonretroactivity is inapplicable

5

since the term of punishment is not at issue in this case. As to the second exception, as noted by Supreme Court, it has yet to find a new rule that falls under the second *Teague* exception. *Beard*, 124 S.Ct. at 2513-14. A qualifying rule should be "central to an accurate determination of innocence or guilt." *Id.* The *Padilla* requirement that counsel must advise a client of a presumptively mandatory deportation before a guilty plea is entered, is not a rule central to a determination of a defendant's guilt. Such a rule applies to the type of advice a defense counsel must give to a client before a guilty plea is entered. The rule does not affect whether the defendant is innocent or guilty of the crime charged. Based on this analysis, it appears that the *Padilla* decision would not be applied retroactively to those cases on collateral review.

Even if this Court were to assume *arguendo* that *Padilla* applied retroactively, Shafeek cannot meet the requirement that his sentence was under "collateral review" at the time the opinion was issued. The Supreme Court's decision in *Padilla* was issued on March 31, 2010. Shafeek filed the instant § 2255 motion after that date on July 6, 2010.

Further assuming *arguendo* that Shafeek's motion was before the Court properly on collateral review, the Sixth Circuit has held that a defendant is procedurally barred from withdrawing a guilty plea on collateral review if the guilty plea was not first challenged on direct review. *El-Nobani v. U.S.,* 287 F.3d 417, 420 (6th Cir. 2002). There are two exceptions to this rule, if the defendant is actually innocent or a defendant can demonstrate cause and actual prejudice. *Id.* The Sixth Circuit held that because deportation is not within the control and responsibility of the district court, deportation is collateral to a conviction and does not establish cause and actual prejudice. *Id.*

Additionally, the *Padilla* decision is inapplicable to Shafeek's case. Shafeek's main

6

argument is that his defense counsel relied on Paragraph 58 of the Presentence Report prepared by the United States Probation Department for the Eastern District of Michigan which indicated that Shafeek would not be deported if he was sentenced to a term of incarceration of less than 12 months. The *Padilla* decision applies to cases where defense counsel incorrectly advises a defendant that a conviction was not subject to a mandatory deportation and the defendant enters a guilty plea based on that advice. The Rule 11 Plea Agreement set forth the agreed guideline range of 12-18 months. (Plea Agreement, ¶ 2.B.) The parties' agreed term of imprisonment "may not exceed the top of the sentencing guideline range as determined by Paragraph 2B." (Plea Agreement, ¶ 3.A.) Shafeek was aware at the time he entered his guilty plea that his sentence could exceed 12 months. Any reliance on a Presentence Report, issued after his guilty plea, does not trigger the *Padilla* decision since Shafeek did not rely on any advice by his counsel as to deportation consequences in light of the fact that Shafeek agreed to a 12-18 months sentence in his Rule 11 Plea Agreement. Rule 32 of the Federal Rules of Criminal Procedure, which governs presentence reports and their accuracy, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on a sentence claiming under Rule 32 that the presentence report is inaccurate. *U.S. v. Sarduy,* 838 F.2d 157, 158 (6th Cir. 1988).

This Court relied on the Presentence Report which indicated that if Shafeek were to receive a term of imprisonment of less than 12 months, Shafeek would not face mandatory deportation consequences. The Presentence Report was prepared after Shafeek entered his plea of guilty. Although Shafeek submitted a declaration in support of his § 2255 motion that "before" he pled guilty, there was an agreement that he would receive a sentence of 11 months of home confinement, the Rule 11 Plea Agreement, signed by Shafeek, indicates that the agreed guideline range was 12-18

7

months. (Doc. No. 20, Declaration; Doc. No. 18, Plea Agreement). There is no dispute that *at sentencing*, there was discussion as to Paragraph 58 of the Presentence Report that if Shafeek was sentenced to a term of 12 months or more, he would be subject to mandatory deportation. (Doc. No. 20, Tr. at 10) The Court sentenced Shafeek to one day time served and 11 months home confinement. (*Id.* at 13) The Court considered the kinds of sentences available and "the difference between him being allowed to stay in this Country and to support his family and to pay back restitution." (*Id.*) The record supports the Court's intention that Shafeek be eligible to stay in the United States in order to support his family.

If the Court had the authority to review Shafeek's request, it would do so. The Court is without authority to review Shafeek's § 2255 motion.

Shafeek did not file a Petition for Writ of Habeas Corpus challenging his current detention by the Immigration and Customs Enforcement ("ICE") under 28 U.S.C. § 2241, which is a separate civil proceeding from a § 2255 Motion to Vacate a Sentence imposed by this Court. Any arguments by Shafeek based on wrongful or improper detention by ICE cannot be entertained by this Court in a § 2255 motion. It is noted that this Court does not have jurisdiction to directly review an Order of Removal. 8 U.S.C. § 1252(a)(2). The detention of aliens is mandated during the pendency of removal proceedings and the Attorney General's discretionary judgment regarding the application of the removal proceedings is not subject to court review. 8 U.S.C. §§ 1226(1), 1226(e). Only the Court of Appeals has jurisdiction to review a final Order of Removal. 8 U.S.C. § 1252(a)(5). A § 2241 habeas proceeding may be filed if the detention under § 1226 becomes unreasonable once the Order of Removal is final. The issue in this case as currently presented is not subject to a § 2241 habeas proceeding.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Emergency Motion to Vacate Sentence under 28 U.S.C. § 2255 and Stay Deportation **(No. 20, filed 7/6/2010)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss Motion under 28 U.S.C. § 2255 **(No. 24, filed 7/15/2010)** is GRANTED.

IT IS FURTHER ORDERED that the Motion under 28 U.S.C. § 2255, Case No. 10-12670, *Ayed Shafeek v. United States of America,* is DISMISSED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager